Ronald Appel, Esq.   SBN 132023
APPEL & APPEL
2522 Chambers Road
Tustin, CA 92780
Tel:  (714) 573-4090
Fax:  (714) 242-1728

FILED
JUN -9 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                    Deputy Clerk

Attorneys for Plaintiff CARSON FINANCIAL INVESTMENTS, INC.

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In Re:<br><br>HARRY BERKOWITZ<br><br>       Debtor<br>_____<br><br>CARSON FINANCIAL INVESTMENTS, INC.<br><br>       Plaintiff,<br><br>vs.<br><br>HARRY BERKOWITZ<br><br>       Defendant(s). | Chapter 7<br><br>Bankruptcy Case No. 8:10-bk-12111 TA<br><br>Adversary Case No.<br><br>**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT AND/OR OBJECTING TO DISCHARGE**<br><br>11 U.S.C. §§ 523(a)(2)(B) and 727(a)(4)<br><br>DATE:<br>TIME:<br>CTRM: |

Plaintiff states as follows:

### I. PARTIES AND JURISDICTION

1. This is an adversary proceeding in bankruptcy brought by Plaintiff CARSON FINANCIAL INVESTMENTS, INC. pursuant to 11 U.S.C. §§ 523 and 727.

2. Plaintiff is a Nevada corporation licensed to do business in the State of California and entitled to bring this action.

3. Defendant filed his Chapter 7 Bankruptcy Petition on February 22, 2010.

///

4. Jurisdiction is vested in this proceeding pursuant to 28 U.S.C. § 157, 28 U.S.C. §1334, and 11 U.S.C. §§ 523 and 727; this matter is a core proceeding.

5. Plaintiff is a creditor in this bankruptcy proceeding.

## II. FIRST CAUSE OF ACTION

6. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 5, above.

7. Prior to Plaintiff granting to Defendant an extensions of credit in the form of a real estate loan, Defendant provided Plaintiff with financial information.

8. Specifically, the Defendant represented to Plaintiff that the property was in escrow to be sold and that the Defendant had the financial ability to pay the loan payments and balloon payment. The Defendant has now disclosed to this Court in his Schedules that he lost $300,000 in 2008.

9. The representations of financial condition prepared by the Defendant and provided to the Plaintiff was in writing and materially false.

10. Defendant was cognizant of the fact that he materially misrepresented his income and ability to pay, and that the Plaintiff would rely upon the written representation made by Defendant.

11. By reason of the foregoing, Defendant obtained monies from the Plaintiff through false pretenses, false representations and actual fraud.

12. Defendant therefore had a specific intent to defraud Plaintiff by accepting the benefits of the loaned monies without ever intending to repay same.

13. Defendant's actions constitute material misrepresentations of the facts.

14. Defendant intended for Plaintiff to rely on those misrepresentations

15. Plaintiff relied upon Defendant's misrepresentations of his ability to meet his repayment obligations and was induced to lend money to Defendant by those misrepresentations.

16. Plaintiff reasonably relied on Defendant's misrepresentations.

17. As a result of Defendant's conduct, Plaintiff has suffered damages in the amount of $60,000 plus interest.

///

FORM B104 (08/07)                                                              2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Carson Financial Investments, Inc. | **DEFENDANTS**<br>Harry Berkowitz |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Ronald Appel, Esq., APPEL & APPEL<br>2522 Chambers Road, Tustin, CA 92780<br>(714) 573-4090 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☑ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Object to dischargeability and object to discharge    11 USC Sections 523 and 727

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[2] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

*(continued next column)*

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 60,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                                         2007 USBC, Central District of California

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Harry Berkowitz | **BANKRUPTCY CASE NO.** <br> 8:10-bk-12111TA | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central California | **DIVISIONAL OFFICE** <br> Santa Ana | **NAME OF JUDGE** <br> Albert |

| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** | |
|---|---|
| **DATE** <br> 6/8/10 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Ronald Appel, Esq. |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.